2023 WI 5

# SUPREME COURT OF WISCONSIN

NOTICE
This order is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No. 2020AP2081-AC & 2020AP2109-AC

Wisconsin Manufacturers and Commerce, Muskego Area Chamber of Commerce and New Berlin Chamber of Commerce and Visitors Bureau,

      Plaintiffs-Respondents-Petitioners,

    v.

Tony Evers, in his official capacity as Governor of Wisconsin, Karen Timberlake, in her official capacity as Interim Secretary of the Wisconsin Department of Health Services and Joel Brennan, in his official capacity as Secretary of the Wisconsin Department of Administration,

      Defendants,

Milwaukee Journal Sentinel,

      Intervenor-Appellant.

**FILED**

**JAN 23, 2023**

Sheila T. Reiff
Clerk of Supreme Court
Madison, WI

The Court entered the following order on this date:

¶1 Wisconsin Manufacturers and Commerce filed a motion for reconsideration of our decision in Wisconsin Manufacturers & Commerce v. Evers, 2022 WI 38, 401 Wis. 2d 699, 974 N.W.2d 753. The State Defendants and the Milwaukee Journal Sentinel opposed WMC's motion. We deny the motion for reconsideration without costs.

¶2 We nevertheless file this memorandum on the motion to address one of WMC's arguments, namely that this Court should clarify that footnote 9 of the court of appeals' decision has no precedential value. See Wis. Mfrs. & Commerce v. Evers, 2021 WI App 35, ¶24 n.9, 398 Wis. 2d 164, 960 N.W.2d 442; see also Wis. Sup. Ct. IOP III.J ("A motion for reconsideration may result in the court's issuing a corrective or explanatory memorandum to its opinion without changing the original mandate."). We conclude that, in this case, footnote 9 of the court of appeals' decision has no precedential value. We leave for another day the issue of whether the rule from Blum v. 1st Auto & Cas. Ins. Co., 2010 WI 78, ¶46, 326 Wis. 2d 729, 786 N.W.2d 78, that "[u]nless this court explicitly states otherwise, a court of appeals opinion overruled by this court no longer retains any precedential value," should be extended to cover the present situation. See also Showers Appraisals, LLC v. Musson Bros., 2013 WI 79, ¶71 n.4, 350 Wis. 2d 509, 835 N.W.2d 226 (Crooks, J., concurring).

¶3 IT IS ORDERED that the motion for reconsideration is denied without costs.

2